**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3812-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICHARD RAMON GARDNER,
a/k/a GARY EVANS, RICKY,
IAN, J. ELIE and RICHARD M.
GARDNER,

    Defendant-Appellant.

_____

Submitted September 10, 2025 – Decided September 29, 2025

Before Judges Rose and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 06-08-0723.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Andrew B. Johns, Gloucester County Prosecutor, attorney for respondent (Michael Mellon, Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from the June 27, 2024 Law Division order denying as untimely his second petition for post-conviction relief (PCR), without an evidentiary hearing. We affirm substantially for the reasons set forth in Judge William F. Ziegler's well-reasoned written decision.

I.

A.

Defendant was indicted, with co-defendants Cynthia Corsey and Omar Rhodes, for his involvement in the 2006 robbery of Bruce Hanson. While Corsey awaited a separate trial, defendant was tried in 2008 with Rhodes; Corsey testified for the State, as did Hanson.

Defendant was thereafter convicted of first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree conspiracy, N.J.S.A. 2C:5-2; fourth-degree theft, N.J.S.A. 2C:20-3; simple assault, N.J.S.A. 2C:12-1(a)(3), as a lesser-included offense of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(3); third-degree possession of an unlawful weapon, N.J.S.A. 2C:39-4(d); and fourth-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(a). The

trial court sentenced defendant to an aggregate term of eighteen years' imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

In 2011, we affirmed defendant's conviction and sentence for the first-degree armed robbery, but remanded for the limited purpose of correcting the judgment of conviction to reflect the merger of the remaining offenses. State v. Gardner, No. A-3034-08 (App. Div. Oct. 12, 2011) (slip op. at 1-2).

On April 30, 2013, defendant filed his first PCR petition, alleging ineffective assistance of counsel and unspecified court errors. The PCR court denied defendant's petition in an order dated August 28, 2014, and on May 6, 2016, we affirmed that decision. State v. Gardner, No. A-1375-14 (App. Div. May 6, 2016) (slip op. at 1).

B.

Years after the denial of his first PCR, on May 10, 2022, defendant filed a second PCR petition. Defendant's petition asserted "newly discovered evidence[] for prosecutorial misconduct." The petition alleged "[t]he [p]rosecutor committed misconduct when the [p]rosecution gave . . . Corsey a deal on charges to take the stand for State against [defendant]."

Counsel was assigned and filed an amended petition and counseled brief in December 2023. Defendant's amended petition asserted that he learned for

3

the first time "through friends and family" that Corsey, who testified at trial that the State made "no promises" regarding her pending charges, later admitted she had "a firm understanding with the State" that her testimony and cooperation against her co-defendants would be given "significant consideration." Defendant submitted a certification from Corsey's trial counsel representing that he "worked out an agreement with the State" for Corsey to provide testimony at defendant's trial, and "no specific sentence was promised," but the assistant prosecutor "made clear" that "significant consideration would be given if she was cooperative."

Defendant also contended that he was incarcerated with Hanson in 2023 and Hanson told defendant "he did not believe [defendant] robbed him and had been smoking crack and drinking before the robbery," and "he felt the State forced him to testify." Hanson provided a letter "admitting he lied on the stand." Defendant asserted that the second PCR petition was not time-barred as he was unaware of this new information at the time of his first PCR petition and did not learn of it until 2022 regarding Corsey, and 2023 regarding Hanson.

Judge Ziegler heard arguments and denied the petition on the record and by accompanying written decision. He summarized the relevant offense facts derived from the trial testimony and evidence as follows. On the date of the

robbery, Hanson had been drinking for hours at a residence he frequented to exchange use of his cell phone for crack cocaine. Two individuals he knew as "Jovi" and "Ricky" were present. He left "on foot," when a woman, later identified as Corsey, offered him a ride. Rhodes was in the front passenger seat and Ricky was in the back with defendant. Corsey pulled the car over so that Rhodes could urinate. Hanson recounted that "'Ricky' punched him in the side of the head," "held a knife to Mr. Hanson's throat," and "looked through Hanson's clothes for money." Hanson indicated the female driver "threatened [him] with a box cutter knife," and the three stole $280 from Hanson. He told police he believed Ricky's last name was "Eli," and at the prosecutor's prompting before the jury identified defendant to be "Ricky."

Hanson also testified at trial regarding his prior written recantation of his identification of defendant, in which he stated: "it was a mistaken identity," and "[defendant] was the wrong person. That's why I haven't appeared in court." He claimed he signed that document at "[defendant's] sister's behest."

At trial, Corsey identified defendant "as one of the robbers" and "testified that she was still facing charges for this incident and her case was still open and, therefore, could face any sentence from probation to state prison time."

Turning to defendant's arguments, the judge first addressed the State's claim that the PCR petition should be dismissed as time-barred under Rule 3:22-12(a)(2)(b), and because the claims did not fit into any exception to the other strict time constraints under Rule 3:22-4(b). The judge then reviewed the applicable rules and found the filing of the second PCR petition six years after the resolution of the first PCR fell wide of the one-year time limitation on second and subsequent petitions and did not fit within one of the narrow exceptions to otherwise time-barred petitions.

Judge Ziegler found that the information related to the veracity of the two witnesses at trial was insufficient to "render the verdict unreliable." As to Corsey, the court found she disclosed at trial her pending charge, and defendant made no new divergent showing that she had "a plea deal in place" with the State to recommend a specific sentence if pleased with her testimony. Further, the judge determined that Corsey's subsequent guilty plea after testifying was "not material to the issues presented at trial."

Regarding Hanson's recent claim that he lied at trial, the judge found Hanson had already been "subject to direct, cross, redirect, and recross" examinations as to his credibility and the first recantation. The judge noted that Hanson's "recantation was known to all concerned before the trial," and

A-3812-23

defendant's account of Hanson's "wishes to recant yet again [was] spurious." Thus, the court, citing State v. Tormasi, 443 N.J. Super. 146, 151 (App. Div. 2015), found that Hanson's latest claims did not meet the three requirements warranting a new trial on newly discovered evidence, namely that the evidence was "material to the issue and not merely cumulative or impeaching or contradictory"; "not discoverable by reasonable diligence beforehand"; and "of the sort that would probably change the jury's verdict if a new trial were granted."

II.

Defendant appeals and argues:

POINT I

[DEFENDANT] WAS ENTITLED TO PCR RELIEF BASED ON THE TWO CERTIFICATIONS HE SUBMITTED AS NEWLY DISCOVERED EVIDENCE.

A. The Newly Discovered Evidence Submitted Entitles [Defendant] to PCR [], Or At Least to an Evidentiary Hearing.

B. The PCR Petition Should Not Be Deemed Time-Barred.

7

Defendant, in his self-represented supplemental brief, argues:

POINT I

NAPUE[1] VIOLATION

The principle that a state may not knowingly use false evidence [i]ncluding false testimony, to obtain a tainted conviction, implicit [i]n any concept of ordered liberty, does not cease to apply merely [b]ecause the false testimony goes only to the credibility of the witness.

III.

"We review a judge's decision to deny a PCR petition without a hearing for abuse of discretion." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)). We review the PCR court's conclusions of law de novo. State v. Nash, 212 N.J. 518, 540-41 (2013) (citing State v. Harris, 181 N.J. 391, 415-16 (2004)). In the absence of an evidentiary hearing, we may review without deference "both the factual findings and legal conclusions of the PCR court." Harris, 181 N.J. at 421.

Interrelated legal principles and procedural rules govern the timeliness of defendant's petition. Pertinent to this appeal, Rule 3:22-12(a)(2)(B) allows a second or subsequent PCR petition to be filed no more than one year after "the

---

[1] Napue v. Illinois, 360 U.S. 264 (1959).

A-3812-23

date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence."  Critically, Rule 3:22-4(b) requires that "[a] second or subsequent petition for [PCR] shall be dismissed" if it is untimely filed and fails to allege one of three exceptions, including

> that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted.
>
> [(Emphasis added).]

"[A] PCR application based on newly discovered evidence is subject to the same analysis as a motion for new trial based on the same." State v. Szemple, 247 N.J. 82, 106 (2021) (alteration in original) (internal quotation marks omitted).  As Judge Ziegler recognized, a defendant must establish the evidence is:  "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted," State v. Carter, 85 N.J. 300, 314 (1981) (citing State v. Artis, 36 N.J. 538, 541 (1962)), and "all three prongs . . . must be satisfied," State v. Ways, 180 N.J. 171, 187 (2004).  "'[D]etermining whether

evidence is merely cumulative, or impeaching, or contradictory,' necessarily implicates prong three, 'whether the evidence is of the sort that would probably change the jury's verdict if a new trial were granted.'"  Nash, 212 N.J. at 549 (quoting Ways, 180 N.J. at 188-89) (excess internal quotation marks omitted).

"[E]vidence that would have the probable effect of raising a reasonable doubt as to the defendant's guilt would not be considered merely cumulative, impeaching, or contradictory."  Ibid. (quoting Ways, 180 N.J. at 189).  Courts must therefore evaluate such evidence in the context of the "'corroborative proofs' in th[e] record," Szemple, 247 N.J. at 110 (quoting State v. Herrerra, 211 N.J. 308, 343 (2012)), and "with a certain degree of circumspection to ensure that it is not the product of fabrication, and, if credible and material, is of sufficient weight that it would probably alter the outcome of the verdict in a new trial," Ways, 180 N.J. at 188.

Here, Judge Ziegler comprehensively assessed the newly proffered information against the trial record and determined it was cumulative of impeachment testimony already raised at trial.  As the judge noted, Hanson was exhaustively questioned regarding his earlier recantation and veracity, and the jury elected to believe his trial testimony.  Thus, the judge found Hanson's latest

desire to recant echoed his first recantation and did not possess the capacity to "probably change the jury's verdict."

The judge also carefully examined Corsey's trial counsel's certification in light of Corsey's trial testimony and concluded that this evidence was consistent with Corsey's testimony and lacked the capacity to alter the result. Further, Corsey ultimately pled guilty and received a favorable sentence years before defendant's PCR petition making that information available and discoverable. Thus, the judge correctly found defendant's second petition time-barred.

To the extent we have not fully addressed defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division